UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

          Plaintiff,          Case No. 18-cr-20390
                                            Honorable Linda V. Parker
v.

DEQUINTE WASHINGTON,

          Defendant.
_____/

## **OPINION AND ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS (ECF NO. 16)**

On June 6, 2018, Defendant Dequinte Washington ("Defendant") was indicted for one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (ECF No. 12.) This matter is before the Court on Defendant's Motion to Suppress, filed July 5, 2018. (ECF No. 16.) The motion has been fully briefed.

**I.    Factual and Procedural Background**

On December 18, 2017, a criminal complaint was lodged against Defendant for possession of firearms in violation of 18 U.S.C. § 922(g)(1). (ECF No. 1.) On that date, Deputy Rudy Lopez of the Genesee County Sheriff's Department stopped a vehicle occupied by Defendant, his girlfriend Teshima West, and her son. (ECF No. 16 at Pg ID 40.) Deputy Lopez advised Defendant that there was a

warrant for his arrest and the search of the property located at 2508 E. Court Street in Flint Michigan. (*Id.*) Subsequently, Defendant was transported back to the property, where he gave officers his keys to gain entry into the property. (ECF No. 1 at Pg ID 3; ECF No. 16 at Pg ID 40.) During the search, officers seized eight firearms, ammunition, substance believed to be marijuana, and drug paraphernalia. (ECF No. 16 at Pg ID 41; *see also* ECF No. 1 at Pg ID 3.) On June 6, 2018, Defendant was indicted for felon in possession of firearm, in violation of 18 U.S.C. § 922(g)(1). (ECF No. 12.) Defendant filed the instant motion on July 5, 2018, claiming there was no probable cause for the search warrant. (ECF No. 16.)

## II.     Applicable Law & Analysis

Generally, the Fourth Amendment of the United States Constitution requires officers to obtain a warrant prior to conducting a search. *United States v. Smith*, 510 F.3d 641, 647 (6th Cir. 2007). "A warrant will be upheld if the affidavit provides a 'substantial basis' for the issuing magistrate to believe 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *Id*. at 652 (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). In other words, "the circumstances must indicate why evidence of illegal activity will be found 'in a particular place.' There must be a 'nexus between the place to be searched and the evidence sought.'" *United States v. Carpenter*, 360 F.3d 591, 594 (6th Cir. 2004). "To meet the nexus requirement, '[t]he connection between the

2

residence and the evidence of criminal activity must be specific and concrete, not 'vague' or 'generalized.'" *United States v. Fritts*, No. 16-20554, 2016 WL 7178739 at *3 (E.D. Mich. Dec. 9, 2016) (quoting *United States v. Brown*, 828 F.3d 35, 382 (6th Cir. 2016).

A reviewing court must afford great deference to a magistrate judge's probable cause determination. *United States v. Allen*, 211 F.3d 970, 973 (6th Cir. 2000) (*en banc*); *United States v. Finch*, 998 F.2d 349, 352 (6th Cir. 1993). The probable cause standard is a "practical, non-technical conception" guided by the "factual and practical considerations of everyday life." *United States v. Frazier*, 423 F.3d 526, 531 (6th Cir. 2005) (quoting *Gates*, 462 U.S. at 231). "Courts should review the sufficiency of the affidavit in a commonsense, rather than hypertechnical manner." *United States v. Greene*, 250 F.3d 471, 479 (6th Cir. 2001) (citations omitted). "[R]eview of an affidavit and search warrant should rely on a 'totality of the circumstances' determination, rather than a line-by-line scrutiny." *Id.* The court's review, however, is limited to the four corners of the affidavit. *Frazier*, 423 F.3d at 531. As such, a magistrate judge's decision to grant a search warrant should be reversed only if it was arbitrarily exercised. *Allen*, 211 F.3d at 973; *Finch*, 998 F.2d at 352.

The Supreme Court has held that evidence seized in reasonable, good-faith reliance on a search warrant that is subsequently held to be defective generally

does not need to be suppressed. *Frazier*, 423 F.3d at 533 (citing *United States v. Leon*, 468 U.S. 897, 905 (1984)). The relevant inquiry is an objective one, asking "whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization." *Id*. (citing *Leon*, 468 U.S. at 922-23, n.23.) This "good faith" exception is not applicable where: 1) the issuing magistrate "was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth"; 2) the issuing magistrate wholly abandoned his or her judicial role; 3) the affidavit is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable[]"; or 4) the warrant is so facially deficient that the executing officers cannot reasonably presume it to be valid. *Leon*, 468 U.S. at 923 (citations omitted).

This motion turns on whether the items seized were obtained without probable cause, or, alternatively, whether the officers reasonably relied on the warrant's validity. Defendant contends that the search warrant was obtained without probable cause because it relies heavily on a confidential informant. (ECF No. 16 at Pg ID 43.) According to Defendant, the affidavit does not provide a substantial basis to conclude probable cause existed to justify the search of the property. (*Id.*) Specifically, Defendant argues that the affidavit fails to identify "when" the informant witnessed Defendant in possession of a firearm. (*Id.* at Pg

4

ID 44.) Also, Defendant argues that Agent Kloostra failed to independently corroborate the confidential informant's tip.

The Court considers the following when relying on an informant's tip for probable cause: "(1) the reliability of the informant; (2) the basis of the informant's knowledge; and (3) any police corroboration of the informant's tip." *United States v. Tillman*, 404 F. App'x 949, 951 (6th Cir. 2010); *see also United States v. Coffee*, 434 F.3d 887, 893 (6th Cir. 2006) ("[A] court must consider the veracity, reliability, and the basis of knowledge" when considering information from a confidential informant.). Firsthand knowledge "entitles [the] tip to greater weight than might otherwise be the case." *Tillman*, 404 F. App'x at 952; *Ahlers v. Schebil*, 188 F.3d 365, 370 (6th Cir. 1999) (holding that firsthand observations are entitled to a presumption of reliability and veracity).

"While independent corroboration of a confidential informant's story is not a *sin qua non* to a finding of probable cause, . . . in the absence of any indicia of the informant[s'] reliability, courts insist that the affidavit contain substantial independent police corroboration." *Coffee*, 434 F.3d at 893.

> Under *Allen*, while an affidavit must state facts supporting an independent judicial determination that the information is reliable, those facts need not take any particular form . . . . [T]he affiant could attest "with some detail" that the informant provided reliable information in the past. Or there could be other indicia of the informant's reliability, such as a detailed description of what the informant observed first-hand, or the willingness of the informant to

5

> reveal his or her name. As long as the issuing judge can conclude independently that the information is reliable, an affidavit based on the informant's tip will support a finding of probable cause.

*Id.* (internal citations omitted).

In *United States v. Brown*, the Sixth Circuit stated *Allen* "does not invariably require an affiant to provide corroboration for a confidential informant's statements contained in an affidavit supporting a search-warrant application." 732 F.3d 569, 574 (6th Cir. 2013) (citing *Allen*, 211 F.3d at 976). Specifically, the Court stated:

> In *Allen*, we held that, if a confidential informant—personally known by the affiant to be reliable—alleged direct, personal observation of criminal activity, then the affiant would not have to include in the affidavit further corroboration of the informant's allegations. *Allen*, 211 F.3d at 976. We reasoned that a requirement that the police further corroborate such information from a confidential informant would aid lawbreakers, "as detectives tried to conduct surveillance in crack-ridden neighborhoods without themselves being detected and their suspects alerted." *Id*. Moreover, we added, "the additional time thus added to the process by mandating an independent police investigation, following a [confidential informant's] contact would provide a further advantage to drug dealers' already highly mobile, hit-and-run operations." *Id*. We declined "to handicap the state in that way." *Id*.

*Brown*, 732 F.3d at 574.

The affidavit at issue states, in relevant part:

> I have received information from a reliable confidential informant, identified here as CI-1, regarding Dequinte

6

> Washington also knowns as "DQ." CI-1 is cooperating with law enforcement in in [sic] exchange for monetary consideration. I have known CI-1 for over two months. During that time period, CI-1 has provided me with substantial information related to a drug trafficking organization (DTO) operating in the Flint area. . . .Within the last three weeks, CI-1 has provided me with information related to Dequinte WASHINGTON, whom CI-1 knows as "DQ." . . . Within the last three weeks, CI-1 has informed me that CI-1 has been to 2508 E. Court Street on several occasions. During all of these occasions and most recently within the last six days, CI-1 observed Washington in possession of a firearm. . . . CI-1 also informed me that CI-1 has observed Washington possess and sell illegal narcotics in and from 2508 E. Court Street on several occasions.

(ECF No. 16-2 at Pg ID 53-55.)

Defendant makes much of the fact that the affidavit fails to provide the "when" and "where" the informant observed Defendant with a firearm. Defendant argues that paragraph six of the affidavit begins with "[w]ithin the last three weeks" but fails to provide "when the informant had been to the subject property." (ECF No. 16 at Pg ID 44.) Defendant goes on to state that paragraph four begins with those same words and fails to provide "when the informant allegedly observed defendant inside the subject property with a firearm in possession." (*Id.*) Finally, Defendant argues that although paragraph six of the affidavit states "within the last six days," the paragraph fails to "specify where the informant made the observation." (*Id.*) The Court disagrees with Defendant's interpretation.

7

Although paragraph four and six begins with "[w]ithin the last three weeks," when read in context, the affidavit clearly shows that the informant observed Defendant in possession of a firearm inside of Defendant's home as recent as six days from the date of the affidavit. Specifically, the affidavit states that the informant had been to Defendant's residence, 2508 E. Court Street on "several occasions" within the last three weeks, and as recent as the "last six days," the informant "observed Washington in possession of a firearm." (ECF No. 16-2 at Pg ID 54.) The Court's reading of "[w]ithin the last three weeks," simply establishes the relationship between the informant and the affiant— merely showing that the affiant had been in contact with the informant regarding Defendant within the last three weeks. Any other occasion the informant may have observed Defendant with a firearm has no bearing on the informant's most recent observation, which was within the last six days.

Moreover, contrary to Defendant's assertions as to the informant's personal observations, the affiant sufficiently establishes the informant's reliability and basis of knowledge. *See United States v. Hines*, 885 F.3d 919, 925 (6th Cir. Mar. 22, 2018) (citing *Coffee*, 434 F.3d at 895). The informant stated that within the last three weeks and as recent as the last six days, he observed Defendant in possession of a firearm. *See Hines*, 885 F.3d at 924 ("The district court dismissed these statements as 'merely creat[ing] a circle of speculation.' Instead, it should have

8

credited them as illustrating CS1's and CS2's bases of knowledge regarding drug trafficking at 668 Eastlawn. For example, compare this affidavit to the one upheld in *United States v. Moore*, 661 F.3d 309 (6th Cir. 2011). The *Moore* affidavit contained one paragraph noting that an unnamed informant 'stated that he/she has been at the above described residence within the past five (5) days . . . and has seen the above described storing and selling cocaine at the above named address.'"). The informant had been to Defendant's residence on several occasions within the last three weeks and observed Defendant in possession of a firearm, including as recent as the last six days. Absent any reference to "[w]ithin the last three weeks" and "on several occasions," the informant's observation of Defendant in possession of a firearm at 2508 E. Court Street within the last six days was sufficient probable cause.

Furthermore, the informant stated that he had observed Defendant sell narcotics in and from the home. Moreover, the informant was able to identify Defendant, as well as Defendant's girlfriend. (ECF No. 16-2 at Pg ID 54-55.) Contrary to Defendant's assertions, it is of no moment that Agent Kloostra had only known the informant for over two months. In that relatively short time, Agent Kloostra stated that the informant had provided substantial and reliable information regarding a drug trafficking case, so Agent Kloostra had no reason not to trust the informant's information. To this point, the Sixth Circuit has emphatically stated,

9

"our precedent 'clearly establishes that the affiant need only specify that the confidential informant has given accurate information in the past to qualify as reliable.'" *Brown*, 732 F.3d at 574.

Additionally, to the extent Defendant complains that there was no independent corroboration, the Court is not persuaded that corroboration was a necessary step. Because the informant provided first-hand knowledge, law enforcement was under no obligation to corroborate the informant's information. *See Brown*, 732 F.3d at 574 ("Here, as in *Allen*, a confidential informant known to the officer to be reliable provided first-hand, detailed observations of cocaine—as well as what appeared to be Brown himself selling drugs—at Brown's own house. *Allen* did not require Officer Frederick or his colleagues to corroborate the confidential informant's observations by, for example, surveilling Brown's home.").

As such, based on the totality of the circumstances, the Court finds the affidavit sufficient for a finding of probable cause. To overturn the magistrate judge's decision to grant a search warrant, this Court would have to find that the decision was arbitrarily exercised. *See Allen*, 211 F.3d at 973. The Court is unable to make such a finding in this case. Because the Court finds the search warrant was valid, the Court declines to address the exclusionary rule. Therefore, this Court denies Defendant's motion.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Suppress (ECF No. 16) is **DENIED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: August 30, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, August 30, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager