UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

        Plaintiff,                      Case No. 18-cr-20390
                                            Honorable Linda V. Parker

v.

DEQUINTE WASHINGTON,

        Defendant.
_____/

## OPINION & ORDER DENYING MOTION FOR COMPASSIONATE RELEASE (ECF NO. 33)

On September 18, 2018, Defendant Dequinte Washington pleaded guilty to one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). This Court sentenced Defendant on February 20, 2019 to 60 months of imprisonment. (ECF No. 27 at Pg. ID 144.) This matter is before the Court on Defendant's Motion for Compassionate Release, filed December 14, 2020. (ECF No. 33.) The motion has been fully briefed. (ECF Nos. 37, 38, 39, 40.) For the reasons that follow, the Court denies Defendant's motion.

## APPLICABLE LAW

A defendant may move for compassionate release under 18 U.S.C. § 3582(c)(1)(A) only after "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or "the

lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Further, under the statute, a court may reduce a defendant's term of imprisonment (i) if it finds that extraordinary and compelling reasons warrant such a reduction; (ii) if it finds that a reduction is consistent with applicable statements issued by the Sentencing Commission; and (iii) after considering the factors set forth in 18 U.S.C. Section 3553(a) to the extent they are applicable.[1]  18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Jones*, 980 F.3d 1098, 1105-08 (6th Cir. 2020).  The defendant bears the burden of proving that "extraordinary and compelling reasons" exist to justify release under the statute.  *See United States v. Rodriguez*, 896 F.2d 1031, 1033 (6th Cir. 1990).

## ANALYSIS

The Government does not dispute that Defendant has properly exhausted the administrative remedies.  (ECF No. 39 at Pg. ID 219.)  Nor does the Government dispute that Defendant is obese (BMI of 33.36 or 34.4).  (*Id.* at Pg. ID 223; ECF No. 40 at Pg. ID 234.)  It is widely acknowledged, based on expert guidance, that there is a risk of serious outcomes for infected individuals who have certain underlying medical conditions such as obesity.  *People with Certain Medical Conditions*, CDC,

---

[1] The Sentencing Commission's policy statement on compassionate release, U.S.S.G. § 1B1.13, is not applicable where, as here, the imprisoned person files the motion for compassionate release.  *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020).

2

https://perma.cc/A47K-LE3B. Moreover, the Court finds it noteworthy that in previous cases before it, the Government has conceded that obesity, during the COVID-19 pandemic, constitutes an extraordinary and compelling reason to reduce a Defendant's sentence if the remaining considerations weigh in favor of such a decision. *See, e.g.*, Resp., United States v. Culp, No. 17-20737 (E.D. Mich. filed Aug. 4, 2020), ECF No. 34 at Pg. ID 165-66 ("Culp's medical records, however, confirm that he has obesity, which the CDC has identified as a risk factor for Covid-19. Given the heightened risk that Covid-19 poses to someone with obesity, Culp has satisfied the first eligibility threshold for compassionate release during the pandemic.").

However, even if the Court found that this medical condition, combined with "the high risk of [COVID-19] transmission within congregate settings" such as detention facilities, *see Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional & Detention Facilities*, CDC, https://perma.cc/HN53-SRYJ, presented an extraordinary and compelling circumstance, the Court concludes that the § 3553(a) factors do not support reducing Defendant's sentence.

The factors set forth in 18 U.S.C. § 3553(a) include a defendant's history and characteristics; the nature and circumstances of the crimes; due consideration of the seriousness of the crimes; promoting respect for the law; providing just punishment;

affording adequate deterrence; protecting the public from further crimes by the defendant; and providing him with any necessary correctional services and treatment. *See* 18 U.S.C. § 3553(a).

The crime for which Defendant is currently incarcerated is his third gun-related conviction.  The first gun conviction, which occurred in 2009 when Defendant was 21, involved one loaded handgun and Defendant was sentenced to 24 months of probation and 100 days in custody.  (PSR ¶ 30.)  A violation of probation warrant was issued after Defendant absconded, and he was sentenced to an additional 180 days in custody.  (*Id.*)  The second gun conviction, which occurred in 2014 when Defendant was 26, involved one loaded pistol and an unloaded magazine, and he was sentenced to 24 months of probation and 24 months in custody.  (PSR ¶ 33.)  His third gun conviction, which occurred in 2017 when Defendant was 29, involved eight guns (two loaded, three reported stolen, and seven obtained by Defendant by trading methamphetamine).  (PSR ¶¶ 8-10; ECF No. 39 at Pg. ID 229.)  Defendant does not contest the Government's assertion that he signed a written statement acknowledging his plan to sell the guns on the streets of Flint (ECF No. 39 at Pg. ID 207, 210; *see generally* ECF Nos. 33, 37, 38, 40), but Defendant contends in his motion that he used the eight guns for protection only (ECF No. 38 at Pg. ID 203).  Thus far, Defendant has served only two years of his 5-year sentence.

Putting aside Defendant's drug-related and breaking and entering convictions (PSR ¶¶ 29, 31, 32), it is clear that Defendant's gun-related crimes have become increasingly severe, despite the corresponding increase in the severity of his punishment. And while these gun crimes did not involve violence, it does not appear that Defendant was rehabilitated while serving his 100-day and 2-year sentences for his previous, less severe gun-related crimes. Considering that Defendant's previous custodial sentences were insufficient to deter his more serious conduct in the case at bar, it would be imprudent to conclude that permitting Defendant to serve only two years of his current term of imprisonment would be sufficient to deter him from future offenses. In sum, an analysis of each of the § 3553(a) factors—including Defendant's history and characteristics, the nature and circumstances of the crimes, due consideration of the seriousness of the crimes, promoting respect for the law, providing just punishment, and affording adequate deterrence—strongly suggests that a reduction of Defendant's sentence is inappropriate. *See* 18 U.S.C. § 3553(a).

Accordingly,

**IT IS ORDERD** that Defendant's Motion to Reduce Sentence (Compassionate Release) (ECF No. 33) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: April 19, 2021